**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 10-5096**

—————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

JOSE HERRERA SALGADO,

            Defendant – Appellant.

—————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:09-cr-00130-RJC-2)

—————

Submitted:  June 21, 2011                Decided:  July 8, 2011

—————

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

—————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

—————

Haakon Thorsen, Charlotte, North Carolina, for Appellant.  Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina; Edward R. Ryan, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Herrera Salgado appeals his conviction and sentence of 118 months in prison and five years of supervised release after he pled guilty to conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). Salgado's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in counsel's opinion, there are no meritorious grounds for appeal, but raising the issue of whether the district court erred in failing to adequately depart for Salgado's substantial assistance. Salgado was notified of his right to file a pro se supplemental brief but has not done so. We dismiss the appeal in part, and we affirm the district court's judgment.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive

2

reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

After determining Salgado's Guidelines range was 135 to 168 months based on a total offense level of thirty-three and criminal history category I, the district court granted the

3

Government's motion under 18 U.S.C. § 3553(e) (2006); USSG § 5K1.1 to reduce Salgado's sentence based on his substantial assistance. The district court sentenced him to 118 months in prison. On appeal, Salgado challenges the extent of the district court's downward departure. However, this decision is not reviewable and we dismiss this portion of the appeal. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal in part, and we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4